NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

OREN DAVIDOVICS,

        Defendant - Appellant.

No. 25-282

D.C. No.
2:24-cr-00051-SPG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted August 3, 2026[**]
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Defendant Oren Davidovics challenges one condition of supervised release

imposed by the district court following his conviction, pursuant to a guilty plea, of

enticement of a minor to engage in criminal sexual activity, in violation of 18

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 2422(b), and receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). The challenged provision imposes the following residency restriction: "Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18." Defendant did not object to that provision before the district court, so we review for plain error. United States v. Magdaleno, 43 F.4th 1215, 1221 (9th Cir. 2022); United States v. Nishida, 53 F.4th 1144, 1150 & n.2 (9th Cir. 2022). We affirm.

1. Defendant first argues that the district court committed procedural error by failing to explain why it substituted "direct view" for "100 feet," the formulation found in the plea agreement. The district court stated that the release conditions were reasonably related to deterrence and the need to protect the public, and the court discussed the nature of Defendant's crimes. The court was not required to be more specific. Generally, a court must explain its choice among "several sentencing options." United States v. Rudd, 662 F.3d 1257, 1262 (9th Cir. 2011). But, before the district court, Defendant did not challenge the pre-sentencing report's statement that the direct view restriction is "consistent with the parties' stipulations in the Plea Agreement" or object to the district court's imposition of the direct view restriction. Cf. id. (concluding that the Rudd district court erred by failing to explain its choice between the parties' stipulated direct-

view restriction and a 2,000-foot restriction, a "stricter condition," where the defendant objected to the 2,000-foot restriction before the district court).

Moreover, as Defendant agrees, the record supports the court's decision to restrict where he may reside upon release. See id., at 1260–61 (explaining that courts need not state "the reasons for imposing each condition of supervised release, if it is apparent from the record" (citation and emphasis omitted)). And the direct view restriction clearly supports the goals of sentencing. See United States v. Daniels, 541 F.3d 915, 928 (9th Cir. 2008) (affirming on plain-error review a direct-view restriction as "reasonably related" to the defendant's conviction for possession of child pornography "and to the goals of rehabilitating [the defendant] and protecting the public from his potential sexual interest in children").

2. Defendant also argues that the provision is facially vague and overbroad "because a location could be miles away from [his] residence but still technically be in direct view." Given the context and purpose of the restriction, and given the common understanding of the words used, we interpret the provision to mean a direct line of sight that allows Defendant to see minors who are entering, leaving, or using the location described. Accordingly, the provision is neither vague nor overbroad on plain-error review. See United States v. Gibson, 998 F.3d 415, 419 (9th Cir. 2021) (defining vagueness); Daniels, 541 F.3d at 928 (affirming a direct-view restriction as substantively reasonable); United States v. Bee, 162 F.3d 1232,

1236 (9th Cir. 1998) ("In a case such as this, even very broad conditions are reasonable if they are intended to promote the probationer's rehabilitation and to protect the public."). Moreover, one of the requirements for relief on plain-error review is an effect on substantial rights and Defendant has not shown that the opportunity to live within direct view of schools, parks, and the like is a substantial right, or that the restriction will burden his ability to find suitable housing. See Magdaleno, 43 F.4th at 1221 (stating the requirements for plain-error review).

**AFFIRMED.**